764 So.2d 780 (2000)
Samuel HOWELL, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-3679.
District Court of Appeal of Florida, Second District.
July 19, 2000.
*781 PER CURIAM.
Samuel Howell appeals the summary denial of his motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Howell pleaded guilty to attempted second-degree murder in exchange for an agreed upon sentence of twenty-five years' prison with the first fifteen years to be served as a mandatory minimum sentence pursuant to the Prison Release Reoffender Punishment Act.[1] The State concedes error.
The State concedes that the twenty-five-year sentence is illegal and must be vacated because it exceeds the statutory maximum allowed under the Act for attempted second-degree murder, a felony of the second degree.[2]See § 775.082(8)(a)2 c, Fla. Stat. (1997) (providing that the statutory maximum penalty for a second-degree felony pursuant to the Act is fifteen years); § 782.04 (providing that second-degree murder is a felony of the first degree); § 777.04 (providing that the attempt to commit a first-degree felony constitutes a felony of the second degree). We agree, vacate the sentence, and remand for resentencing.
Because the sentence imposed in this case resulted from a negotiated plea in which the State reduced the charge, on remand, the trial court may resentence Howell to a fifteen year prison releasee reoffender sentence only with the State's agreement. See Forshee v. State, 579 So.2d 388 (Fla. 2d DCA 1991)(holding that where the State has reduced the charge as part of the negotiated plea and the agreedupon sentence is determined to be illegal, the State is not bound to accept the plea for which it did not bargain). If the State does not agree to the fifteen year sentence, then Howell must be allowed to withdraw his plea.
We affirm the denial of Howell's other claim without discussion.
Affirmed in part, reversed in part, and remanded with instructions.
BLUE, A.C.J., and NORTHCUTT and CASANUEVA, JJ., Concur.
NOTES
[1] § 775.082(8), Fla. Stat. (1997). The Act now appears at section 775.082(9), Florida Statutes (1999).
[2] We note that in addition to exceeding the statutory maximum, the sentence as imposed is not authorized by the Act.