795 So.2d 1012 (2001)
Anita M. HOLLYBROOK, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-599.
District Court of Appeal of Florida, Second District.
September 5, 2001.
SILBERMAN, Judge.
Anita M. Hollybrook appeals the summary denial of her motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We reverse because although the sentence was a downward departure from the sentencing guidelines, it exceeded the statutory maximum for the crime and thus constituted an illegal sentence.
Hollybrook entered nolo contendere pleas to three counts of vehicular homicide, third-degree felonies under section 782.071(1), Florida Statutes (1997). Despite a guidelines sentencing range of 28.1 to 46.8 years in prison, a plea agreement was reached calling for a downward departure sentence of seven years' imprisonment for count one, followed by a total of ten years' probation for the remaining two counts.
In her motion under rule 3.800(a), Hollybrook alleged that her downward departure sentence of seven years' imprisonment improperly exceeded the statutory maximum for the crime. Section 775.082(3)(d), Florida Statutes (1997), imposes a maximum of five years' imprisonment for a third-degree felony. The trial court concluded that because the sentence was imposed pursuant to a negotiated plea agreement, it was not illegal and Hollybrook was not entitled to relief. We cannot agree.
This court previously decided this issue in Nunez v. State, 721 So.2d 346 (Fla. 2d DCA 1998). In Nunez, the defendant was convicted of vehicular homicide and, despite a guidelines sentencing range of 111 months to 185 months in prison, the trial court imposed a downward departure sentence of ten years' imprisonment, suspended after five years, followed by five years' *1013 probation. Id. at 349. We reversed and concluded that since the trial court chose to impose a downward departure sentence, then pursuant to section 921.001(5), Florida Statutes (1995), the trial court was required to sentence the defendant within the statutory maximum of five years provided in section 775.082(3)(d), Florida Statutes (1995). Nunez, 721 So.2d at 349-50.
The State's argument, that Nunez does not apply because Hollybrook's sentence was imposed pursuant to a plea agreement, is contrary to sections 921.001(5) and 921.0016(1)(e), Florida Statutes (1997). These statutes specify that any departure from the recommended guidelines sentence "must be within any relevant maximum sentence limitations provided in s. 775.082." Id. As a result, and in accordance with Nunez, we conclude that the term of seven years' imprisonment imposed on Hollybrook is illegal. Moreover, a plea agreement does not change the illegal nature of the sentence. As the supreme court has stated, "[A] defendant cannot by agreement confer on a judge authority to exceed the penalties established by law." Larson v. State, 572 So.2d 1368, 1371 (Fla.1991).
Because we agree with Hollybrook that the prison sentence of seven years is illegal, we reverse. On remand, and with the State's agreement, the trial court may resentence Hollybrook to a sentence within the statutory maximum of five years for count one. See Howell v. State, 764 So.2d 780, 781 (Fla. 2d DCA 2000). If the State does not agree to such a sentence, Hollybrook must be allowed to withdraw her plea as to the three counts that were charged. Id. If the plea is withdrawn, Hollybrook will face the original charges and penalties.
Reversed and remanded with instructions.
GREEN, A.C.J., and STRINGER, J., Concur.