804 So.2d 411 (2001)
Prince C. FERGUSON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-4723.
District Court of Appeal of Florida, Fourth District.
October 3, 2001.
Prince C. Ferguson, Belle Glade, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Judy Hyman, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Prince C. Ferguson (Appellant) appeals an order summarily denying his motion to correct illegal sentence. The trial court denied the motion without explanation or record attachments. We reverse.
According to his motion, Appellant was charged with first degree murder committed on June 1, 1991, and entered a plea of guilty to second degree murder. He was sentenced pursuant to his negotiated plea to forty-five years in prison with a threeyear mandatory minimum for possession of a firearm pursuant to section 775.087(2). There were no other offenses at conviction to which the firearm minimum mandatory could have pertained. The judgment reflected *412 that the offense of second degree murder was a first degree felony punishable by life.
Appellant argued in his motion that the degree of the felony offense had to be enhanced by the use of the firearm to a life felony, pursuant to section 775.087(1)(a), Fla. Stat. (1991) (requiring enhancement of felony when defendant "carries, displays, uses, threatens, or attempts to use any weapon or firearm," during the commission of the felony, unless the use of a weapon or firearm is an essential element of the felony), and that such enhancement was mandatory. Appellant is correct. See Wright v. State, 600 So.2d 11 (Fla. 4th DCA 1992) (reversing sixty-year sentences for two first degree felonies that became life felonies due to the possession of a firearm, which could be punished by life or a term not exceeding forty years); Stevens v. State, 619 So.2d 9 (Fla. 4th DCA 1993) (holding that sentence of thirty-five years in prison followed by fifteen years probation is illegal sentence where statute allowed statutory maximum term of forty years or life sentence).
Due to a statutory anomaly at the time the offense was committed, a first degree felony punishable by life could be punished by any term of years not exceeding life in prison, see, e.g., Mills v. State, 642 So.2d 15 (Fla. 4th DCA 1994), while a life felony was punishable by either life in prison or a term of years not exceeding forty. See § 775.082(3)(a), Fla. Stat. (1991); see Sterling v. State, 584 So.2d 626 (Fla. 2d DCA) (pointing out anomaly in limiting term of years for life felony to forty years while there is no comparable limitation on term that may be imposed on first degree felony for which a term of years not exceeding life imprisonment is provided), rev. denied, 592 So.2d 682 (Fla.1991). The sentencing anomaly was corrected for life felonies committed on or after July 1, 1995, making those offenses also punishable by a term of years not exceeding life. See ch. 95-184, § 16, at 1707, Laws of Fla.[1]
A trial court cannot impose an illegal sentence even pursuant to a plea bargain. See Williams v. State, 500 So.2d 501, 502 (Fla.1986), receded from on other grounds by Quarterman v. State, 527 So.2d 1380 (Fla.1988). Accordingly, we reverse and remand for further proceedings.
DELL, WARNER and SHAHOOD, JJ., concur.
NOTES
[1] However, that session law has been held unconstitutional based on violation of the single subject rule. See Heggs v. State, 759 So.2d 620 (Fla.2000).