WHATLEY, Judge.
Christopher S. Kelly appeals the summary denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We reverse the trial court’s order because the sentences imposed exceed the statutory maximum.
Kelly pleaded no contest to two counts of burglary of an unoccupied structure and two counts of third-degree grand theft in exchange for concurrent sentences of three years’ imprisonment followed by three years’ probation for each count. Kelly’s burglary of a structure charges are each punishable by a term of imprisonment not exceeding five years. See §§ 810.02(4)(a), 775.082(3)(d), Fla. Stat. (2000). Kelly’s grand theft charges are each punishable by a term of imprisonment not exceeding five years. See §§ 812.014(l)(c), 775.082(3)(d), Fla. Stat. (2000).
In his motion, Kelly claimed that his sentences are illegal because they exceed the statutory maximum permitted for third-degree felonies. The trial court denied the claim finding that Kelly’s sentences were less than the twenty-year term that could have been imposed had the trial court sentenced Kelly to maximum consecutive sentences on each count.
However, a sentence is illegal if the combined terms of prison and probation exceed the statutory maximum (provided the sentencing scoresheet does not authorize a sentence in excess of the statutory maximum). Morales v. State, 712 So.2d 474, 474 (Fla. 2d DCA 1998). Kelly’s sentencing scoresheet total did not exceed the statutory maximum. Accordingly, Kelly’s sentences are illegal because each sentence exceeds the five-year statutory maximum for a felony of the third degree. See § 775.082(3)(d), Fla. Stat. (2000). We therefore vacate the sentences and remand for resentencing.
Because the sentences imposed were the result of a negotiated plea, Kelly may be resentenced within the statutory maximum of five years only with the State’s agreement. See Howell v. State, 764 So.2d 780, 781 (Fla. 2d DCA 2000). If the State does not agree to such a sentence, Kelly must be allowed to withdraw his pleas. See id.
Reversed and remanded with instructions.
FULMER and COVINGTON, JJ., Concur.