848 So.2d 498 (2003)
Alexander EDISON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-4177.
District Court of Appeal of Florida, Second District.
July 9, 2003.
*499 James Marion Moorman, Public Defender, and Carol J.Y. Wilson, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Dale E. Tarpley, Assistant Attorney General, Tampa, for Appellee.
STRINGER, Judge.
Alexander Edison seeks review of his habitual felony offender ("HFO") sentence for possession of a firearm by a convicted felon. We reverse Edison's HFO sentence because the State failed to prove that Edison's qualifying convictions were sequentially and separately obtained.
In order to qualify as a prior felony for HFO sentencing, the prior felony conviction must have been sentenced separately from the current offense and any other prior felony convictions. § 775.084(5), Fla. Stat. (2000). Under section 775.084(5), the sentencing for separate prior felony convictions for unrelated crimes can occur on the same day, but the sentences cannot be entered as part of the same sentencing proceeding. Bover v. State, 797 So.2d 1246, 1250 (Fla.2001). It is the State's burden to prove that a defendant qualifies as an HFO. Wainer v. State, 798 So.2d 885, 886 (Fla. 4th DCA 2001).
In this case, the State presented evidence that Edison was adjudicated guilty of four prior felonies on October 22, 1997, which was prior to the sentencing hearing. Although each felony had a different case number, the record does not establish that the sentences were entered as part of different sentencing proceedings. In fact, from the transcript of an October 22, 1997, sentencing hearing contained in the record, it appears that the charges in one case resulted in three violations of probation at the same sentencing proceeding. Although Edison did not object to his HFO sentence during sentencing, he has preserved the issue for review by filing a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2).
Because the record does not establish that the qualifying convictions were sentenced separately, the State has not met its burden of proving that Edison qualified as an HFO. Accordingly, we reverse. On remand, the State may again seek HFO treatment, if applicable. Tyler v. State, 826 So.2d 1103, 1104 (Fla. 2d DCA 2002); May v. State, 713 So.2d 1087, 1088 (Fla. 2d DCA 1998).
Reversed and remanded.
NORTHCUTT and KELLY, JJ., Concur.