864 So.2d 580 (2004)
Earl Lee TUCKER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-4151.
District Court of Appeal of Florida, Second District.
February 4, 2004.
James Marion Moorman, Public Defender, and Allyn M. Giambalvo, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellee.
SILBERMAN, Judge.
Earl Tucker appeals his habitual violent felony offender sentence of ten years in prison for robbery. We reverse and remand for resentencing.
Tucker's sentence was the result of a negotiated plea. During the sentencing hearing, the State referred to what it characterized as Department of Corrections documents and certified convictions, which the trial court apparently had before it, to support Tucker's status as a habitual violent felony offender. That documentation, however, is not contained in our record. After Tucker was sentenced in accordance *581 with the plea agreement, he filed a notice of appeal. Later, he filed a motion to correct sentence pursuant to Florida Rule of Criminal Procedure 3.800(b)(2).
In his motion, Tucker alleged that the date of the robbery for which he was sentenced as a habitual violent felony offender did not occur within five years of the date of his prior conviction or release from prison for one of the felonies listed in section 775.084(1)(b), Florida Statutes (2002). It appears from our record that the trial court did not rule on the motion within sixty days; thus, we treat the motion as denied. See O'Neill v. State, 841 So.2d 629 (Fla. 2d DCA 2003); Jackson v. State, 793 So.2d 117 (Fla. 2d DCA 2001).
A defendant cannot stipulate to habitual offender sentencing "when the underlying substantive offenses necessary for such a sentence do not exist." Lee v. State, 731 So.2d 71, 73 (Fla. 2d DCA 1999). In Lee, this court determined that "[i]f a defendant who has been sentenced as a habitual offender can prove that his prior offenses do not qualify him as a habitual offender, he will have established that his sentence is illegal." Id. The court further recognized that "[a] defendant cannot authorize the trial court to impose an illegal sentence, even by virtue of a plea agreement." Id.
Here, the parties agree that our record does not establish whether Tucker's prior offenses qualify him as a habitual violent felony offender, and the State concedes that the case must be remanded to the trial court. Accordingly, we reverse the sentence and remand for resentencing. On remand, the trial court may impose the same sentence that it had previously imposed, provided that the evidence used to prove that Tucker qualifies for a habitual violent felony offender sentence is made a part of the trial court record.
If the trial court determines that Tucker does not qualify as a habitual violent felony offender, then the State would have the option of enforcing the plea bargain of a ten-year sentence without the habitual offender designation, or going back to "square one" in the plea bargain process. See Ford v. State, 595 So.2d 266, 267 (Fla. 5th DCA 1992), cited in Lee, 731 So.2d at 74.[1]
*582 Accordingly, we remand the cause to the trial court for further proceedings consistent with this opinion.
CASANUEVA and SALCINES, JJ., Concur.
NOTES
[1] With respect to the remedy on remand, we note the following. In a direct appeal reversing an illegal sentence resulting from a negotiated plea, this court concluded that "[j]ust as a defendant is not bound by a misconceived bargain, the state likewise is not bound to accept a sentence it did not bargain for." Forshee v. State, 579 So.2d 388, 389 (Fla. 2d DCA 1991). We stated that the appropriate remedy "is to set aside the plea and reinstate the original charge." Id.

Similarly, in a postconviction proceeding challenging an illegal sentence resulting from a negotiated plea, this court vacated the sentence and directed that on remand, if the State did not agree to the reduced sentence, then the defendant "must be allowed to withdraw his plea." Howell v. State, 764 So.2d 780, 781 (Fla. 2d DCA 2000). However, in Nedd v. State, 855 So.2d 664 (Fla. 2d DCA 2003), this court affirmed the denial of postconviction relief sought pursuant to rule 3.800. Although the negotiated plea resulted in an illegal sentence, we stated that "[b]ecause a plea withdrawal is a potential consequence in this case, Nedd must seek relief under rule 3.850." Id. at 665. The State would then have the option "to either agree to a resentencing or withdraw from the plea agreement and proceed to trial on the original charges." Id.
Although Nedd may be inconsistent with Howell, it is distinguishable from the present case. Nedd involved a postconviction proceeding in which the defendant was not represented by counsel; he was likely unaware that the correction of his sentence could result in the withdrawal of the plea agreement and trial on the original charge. Here, as in Forshee, Tucker has taken a direct appeal challenging his sentence, and he is represented by counsel. Furthermore, in its answer brief the State asserted and put Tucker on notice that if, on remand, the State could not establish that Tucker qualified for habitual violent felony offender treatment, then the State would not be bound by the plea agreement and could take Tucker to trial.