911 So.2d 217 (2005)
Jerry RIDLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-383.
District Court of Appeal of Florida, Second District.
September 23, 2005.
James Marion Moorman, Public Defender, and Carol J.Y. Wilson, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellee.
SALCINES, Judge.
Jerry Ridley appeals his judgment and sentences for robbery with a firearm, aggravated fleeing or eluding, and driving while license suspended or revoked. He argues that the trial court erred by denying his motion to withdraw plea and by sentencing him as a habitual felony offender. The trial court did not abuse its discretion in denying Ridley's motion to withdraw plea. Thus, we affirm the denial of the motion and the convictions entered as a result of Ridley's plea. However, we reverse the sentences which were designated as habitual felony offender sentences and remand for further proceedings.
In this appeal, the State concedes that this matter must be remanded because the predicate offenses used to habitualize Ridley appear to have been obtained at the same sentencing hearing and, thus, could not serve as the basis for his sentencing as a habitual felony offender. See Edison v. State, 848 So.2d 498 (Fla. 2d DCA 2003). Ridley's sentences were the result of a negotiated plea which included the understanding that he would be sentenced as a habitual felony offender on the charges which were subject to habitualization, *218 and at the sentencing hearing, Ridley did not object to that designation. Nonetheless, a defendant cannot authorize a trial court to impose a habitual felony offender sentence when it is not supported by the requisite underlying substantive offenses. See Tucker v. State, 864 So.2d 580, 581 (Fla. 2d DCA 2004).
During the pendency of this appeal, appellate counsel filed a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2) challenging Ridley's sentencing as a habitual felony offender, and the trial court denied that motion. Thus, this issue has been preserved for review.
Based on the record before this court, it is not clear whether Ridley qualifies for habitual felony offender sentences; however, Ridley failed to challenge the propriety of that designation at the sentencing hearing. Thus, on remand the State should be given the opportunity to present evidence that Ridley qualifies as a habitual felony offender. See Sanders v. State, 765 So.2d 161, 162 (Fla. 2d DCA 2000). If the trial court determines that Ridley does not qualify, then the State would have the option of enforcing the plea bargain sentences without the habitual felony offender designation, recommencing the plea bargain process, or going to trial. See Tucker, 864 So.2d at 581.
Affirmed in part, reversed in part, and remanded.
WHATLEY and CANADY, JJ., Concur.