931 So.2d 922 (2005)
Gary LANG, Appellant,
v.
STATE of Florida, Appellee.
No. 05-1664.
District Court of Appeal of Florida, Second District.
October 21, 2005.
STRINGER, Judge.
Gary Lang appeals the trial court's denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm the trial court's denial of claims two, three, and four, without comment, and reverse the trial court's denial of claim one.
Lang was charged with attempted first-degree murder, burglary of a dwelling with assault or battery and violation of a domestic injunction. In exchange for Lang's plea, the State agreed to reduce the attempted first-degree murder charge to aggravated battery. The trial court imposed concurrent sentences, on the aggravated battery and burglary convictions, of 143 months (eleven years) in prison to be followed by ten years' probation. Lang claims that his combined sentences (incarceration and probation) are illegal because they exceed the statutory maximum.
Lang's burglary sentence does not exceed the thirty-year statutory maximum for first-degree felonies and is therefore proper. However, Lang's combined sentence for aggravated battery exceeds the statutory maximum of fifteen years for a second-degree felony. Thus, we affirm the trial court's order on claim one as to the burglary but reverse the trial court's order on claim one as to the aggravated battery and remand for resentencing. See Robbins v. State, 641 So.2d 934 (Fla. 2d DCA 1994). Because the sentence imposed was the result of a negotiated plea, Lang may be resentenced within the statutory maximum of fifteen years only with the State's agreement. See Kelly v. State, 816 So.2d 1221 (Fla. 2d DCA 2002). If the State does not agree to such a sentence, Lang must be allowed to withdraw his plea. See id. at 1222.
Reversed and remanded with instructions.
SILBERMAN and CANADY, JJ., concur.