931 So.2d 1023 (2006)
Carlos RAMOS, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D05-442.
District Court of Appeal of Florida, Third District.
June 14, 2006.
Carlos Ramos, in proper person.
Charles J. Crist, Jr., Attorney General, and Thomas C. Mielke, Assistant Attorney General, for appellee.
Before COPE, C.J., and GERSTEN and SHEPHERD, JJ.
PER CURIAM.
Carlos Ramos appeals an order denying his motion to correct illegal sentence under Florida Rule of Criminal Procedure *1024 3.800(a). We affirm in part and reverse in part.
Defendant-appellant Ramos states that he entered into a plea agreement for a fifty-year sentence. The agreement included two consecutive mandatory minimum sentences of three years. The underlying crime was committed on March 20, 1989, and the sentencing occurred in 1991.
The defendant alleges that his fifty-year sentences were illegal with respect to the life felonies to which he pled guilty. He argues that under the statute in effect at the relevant time, a fifty-year sentence was not a permissible sentence for a life felony. See § 775.082(3)(a), Fla. Stat. (1989); Lamont v. State, 610 So.2d 435, 437 (Fla.1992); Ferguson v. State, 804 So.2d 411, 412 (Fla. 4th DCA 2001).
The State concedes that the defendant is correct on this issue. The counts that are affected are the life felonies only, namely, counts 10-13 and 15-16. The State points out, however, that the sentences can be restructured through the use of consecutive sentences in order to accomplish the original sentencing intent. See Hanna v. State, 823 So.2d 299 (Fla. 3d DCA 2002); Mathis v. State, 649 So.2d 279 (Fla. 3d DCA 1995). The State may request such restructuring on remand to the trial court. The defendant's fifty-year sentences for counts one and two are legal sentences and are not to be disturbed. See Ferguson, 804 So.2d at 412.
The defendant also contends that stacking of his mandatory minimum sentences was impermissible. We affirm the denial of relief on this claim. See State v. Christian, 692 So.2d 889, 891 (Fla.1997).
To the extent that the defendant suggests that his trial counsel was ineffective, such a claim cannot be raised by Rule 3.800(a) motion. See Maddox v. State, 673 So.2d 198 (Fla. 5th DCA 1996).
Affirmed in part, reversed in part, and remanded for resentencing on the life felonies.