WALLACE, Judge.
Cuauhthemoz M. Gamez appeals the summary denial of his motion to correct illegal sentence filed in accordance with Florida Rule of Criminal Procedure 3.800(a). We reverse the postconviction court’s order that summarily denied Mr. Gamez’s claim that his 28.5-year sentence for attempted robbery with a firearm is illegal, and we remand for further proceedings.
On October 7, 1991, Mr. Gamez pleaded no contest to attempted first-degree murder (count one) and attempted robbery with a firearm (count two). The trial court sentenced him to 22 years’ prison to be followed by 5 years’ probation on count one and to 3 years’ prison to be followed by 10 years’ probation on count two. After he was released from prison, Mr. Ga-mez began serving the probationary portions of his sentences. On June 28, 2005, Mr. Gamez admitted to violating the conditions of his probation. The trial court revoked his probation and sentenced him to 28.5 years’ prison on counts one and two. The trial court designated the sentences to run concurrently.
Mr. Gamez’s 28.5-year prison sentence for attempted robbery with a firearm (count two) is illegal because the offense of attempted robbery with a firearm is a second-degree felony punishable by a maximum of 15 years in prison. See §§ 812.13(2)(a), 777.04(4)0»), and 775.082(3)(c), Fla. Stat. (1989); see also Hamilton v. State, 890 So.2d 1250 (Fla. 4th DCA 2005); Bailey v. State, 877 So.2d 836 (Fla. 4th DCA 2004). In its order denying Mr. Gamez’s motion, the postconviction court relied on the judgment entered on June 28, 2005. This judgment described the offense for which Mr. Gamez was convicted on count two as armed robbery, a violation of section 812.13(2)(a), a first-degree felony. However, the judgment is incorrect in this respect. Mr. Gamez originally pleaded no contest to attempted robbery with a firearm, a violation of sections 812.13(2)(a) and 777.04(4)(b), Florida Statutes (1989), a second-degree felony. For this reason, the June 28, 2005, judgment *1254 should be corrected to reflect the crime for which Mr. Gamez was actually convicted on count two.
On this appeal, the State commendably concedes error and agrees that Mr. Gamez is entitled to be resentenced on count two. However, because the 28.5-year prison sentence was the result of a negotiated plea agreement with the State, Mr. Gamez may be resentenced within the 15-year statutory maximum only if the State agrees. See Lang v. State, 931 So.2d 922, 922 (Fla. 2d DCA 2005). If the State does not agree to such a sentence, then Mr. Gamez must be allowed to withdraw his admission to the violation of probation. See id.
Finally, the judgments entered on October 7, 1991, and June 28, 2005, contain errors. On remand, the postconviction court shall correct the October 7,1991, and the June 28, 2005, judgments to reflect that the conviction on count one was for attempted first-degree murder, a violation of sections 782.04(1) and 777.04(4)(a), a first-degree felony, and that the conviction on count two was for attempted robbery with a firearm, a violation of sections 812.13(2)(a) and 777.04(4)(b), a second-degree felony.
Reversed and remanded with directions.
SALCINES and VILLANTI, JJ., Concur.