LAWSON, J.
Robin Brewer seeks review of the trial court’s summary denial of her rule 3.800(a) motion to correct illegal sentence. Because the trial court’s order fails to conclusively refute her claim, we reverse and remand for further proceedings.
*65 Brewer pled guilty on December 16, 1994, to charges of second degree murder, conspiracy to commit robbery with a firearm and attempted robbery with a firearm. She agreed to an upward departure sentence, and was sentenced on the charge of second degree murder to forty-one years and four days, with a three-year minimum mandatory term imposed for use of a firearm. She was also sentenced to concurrent fifteen-year terms on each of the other counts.
In a prior postconviction motion, Brewer alleged that her sentence for the charge of second degree murder was illegal because the maximum punishment at the time of her offense was either life or a term not exceeding forty years. See Ferguson v. State, 804 So.2d 411 (Fla. 4th DCA 2001). Although it appears from the limited record on appeal that the trial court granted Brewer’s prior motion, it also appears that the court never entered an amended judgment correcting Brewer’s sentence. Therefore, in her current motion, Brewer again requests that her sentence be corrected to a term of years not exceeding forty years. Both below and on appeal, the State indicates that it has no objection to the trial court’s entry of an amended judgment and sentence order correcting Brewer’s sentence as requested in her motion. However, without attaching documents from the record refuting Brewer’s claim, the trial court summarily denied her motion.
Therefore, we reverse and remand for further consideration of Brewer’s motion.
REVERSED and REMANDED.
MONACO and EVANDER, JJ., concur.