NORTHCUTT, Judge.
Jerry Ridley challenges a sentence for a misdemeanor conviction and a cost order imposed after our reversal and remand in his first appeal in this case. See Ridley v. State, 911 So.2d 217 (Fla. 2d DCA 2005). In 2003, Ridley pleaded no contest to two felony charges and one misdemeanor charge and was convicted and sentenced. In Ridley’s first appeal we reversed the habitual offender sentences imposed for the felonies because it was not clear from the record that he qualified as a habitual offender. Because Ridley had not challenged the propriety of his habitual offender designation at sentencing, we remanded to allow the State to present evidence on this issue, and for the court to determine whether the habitual offender sentences were proper. Id. at 218.
Thus, our reversal and remand involved only Ridley’s habitual offender sentences for the felony convictions. In this appeal, Ridley does not contest the sentences imposed on remand for the felonies, but instead he challenges his sentence for the misdemeanor conviction and a cost order. That sentence and the cost order became final on the date of our mandate in the first appeal, October 20, 2005. We recognize that, on remand, the circuit court purported to reimpose the original sentence for the misdemeanor conviction and to waive the costs that had been imposed at the first sentencing hearing. But that sentence and the cost order were not within the scope of our reversal and remand. The court had no jurisdiction to revisit those matters absent some rule or statute that would allow it to do so. See Kippy Corp. v. Colburn, 177 So.2d 193 (Fla.1965); Rodriguez v. State, 441 So.2d 1129, 1140 (Fla. 3d DCA 1983) (Baskin, J., dissenting). Florida Rule of Criminal Procedure 3.800(c) would have permitted Ridley to seek a modification of his sentence within sixty days of the date of our mandate in his first appeal, but he did not do so. See Seward v. State, 912 So.2d 389 (Fla. 2d DCA 2005).
Accordingly, we affirm. The misdemeanor sentence and the cost order imposed at Ridley’s original sentencing hearing, which were affirmed when the mandate issued in his first appeal, remain in effect.
ALTENBERND and LaROSE, JJ., Concur.