CASANUEVA, Judge.
Steven Dominguez appeals the order denying his motion to correct illegal sentence, which the postconviction court treated as if filed under Florida Rule of Criminal Procedure 3.800(a). Because the relief Mr. Dominguez seeks is not available unless he moves to withdraw his plea, *200 we reverse and remand with directions that the postconviction court treat Mr. Dominguez’s motion as filed under rule 3.850.
In circuit court case number OS-12391, Mr. Dominguez pleaded to the lesser offense of felony battery pursuant to section 784.03, Florida Statutes (2009), in exchange for a sentence of five years as a prison releasee reoffender (PRR). In his motion to correct illegal sentence, he argued that he was illegally sentenced as a PRR because felony battery is neither a qualifying offense for PRR sentencing, see § 775.082(9)(a)(l), Fla. Stat. (2009), nor a forcible felony for purposes of the catchall provision of the PRR statute. The catchall provision allows for PRR sentencing for “[a]ny felony that involves the use or threat of physical force or violence against an individual.” § 775.082(9)(a)(l)(o). Mr. Dominguez relied on Spradlin v. State, 967 So.2d 376 (Fla. 4th DCA 2007), to support his claim.
Spradlin, like Mr. Dominguez, was convicted of felony battery under section 784.03(2), which reclassifies simple battery to a third-degree felony upon a second battery conviction. Noting that simple battery constitutes any intentional touching, however slight, the Fourth District held “that a felony battery does not, of necessity, involve the requisite level of physical force or violence contemplated by the PRR catch-all provision.” Id. at 378; accord Johns v. State, 971 So.2d 271, 272 (Fla. 1st DCA 2008) (“simple battery reclassified merely because of the offender’s prior battery conviction ... can never be a forcible felony, and so will not support a prison releasee reoffender ... sentence”).
By contrast, felony battery under section 784.041 — which requires that the defendant cause great bodily harm, permanent disability, or permanent disfigurement to the victim — does qualify for PRR sentencing because it cannot be committed without the use of physical force or violence. See Brooks v. State, 93 So.3d 402 (Fla. 2d DCA 2012); State v. Williams, 9 So.3d 658, 660 (Fla. 4th DCA 2009).
Although Mr. Dominguez was designated a PRR as the result of a negotiated plea agreement, “a defendant’s right to challenge an illegal sentence is not waived by the fact that the sentence was the result of a negotiated plea.” Torbert v. State, 832 So.2d 203, 205 (Fla. 4th DCA 2002); accord Wheeler v. State, 864 So.2d 492, 492 (Fla. 5th DCA 2004) (“an illegal sentence cannot be imposed even as part of a negotiated plea agreement”). But when a defendant challenges a sentence imposed pursuant to a plea agreement in a rule 3.800(a) motion,
he is actually challenging the terms of [the] plea agreement and, thus, the resulting convictions. Because a plea withdrawal is a potential consequence in this case, [the defendant] must seek relief under rule 3.850. In that proceeding, the State will have the option to either agree to a resentencing or withdraw from the plea agreement and proceed to trial on the original charges.
Nedd v. State, 855 So.2d 664, 665 (Fla. 2d DCA 2003).
As in Nedd, the relief Mr. Dominguez seeks is not available unless he moves to withdraw his plea. We note that Mr. Dominguez’s motion was appropriately sworn and filed within the two-year limit of rule 3.850; thus, the postconviction court could have treated it as filed under rule 3.850. However, the motion is facially insufficient because Mr. Dominguez does not specifically ask to withdraw his plea. Accordingly, we reverse the postconviction court’s order denying relief under rule 3.800(a) and remand for the postconviction court to consider Mr. Dominguez’s claim *201 under rule 3.850, strike it as facially insufficient, and allow Mr. Dominguez thirty days in which to amend his claim, should he desire to do so.
Reversed and remanded.
WHATLEY and DAVIS, JJ., Concur.