# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50909
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 11, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HIPOLITO MEJIA-ESCOBAR,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:12-CR-1726-1

Before DAVIS, SOUTHWICK and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Hipolito Mejia-Escobar appeals his conviction and sentence of 51 months of imprisonment for illegal reentry into the United States following deportation. He contends for the first time on appeal that the district court erroneously increased his offense level by 16 under U.S.S.G. § 2L1.2(b)(1)(A)(ii) because he had a prior conviction in Florida for felony battery. He argues that the documentation of the prior conviction was insufficient to support the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conclusion that the offense was a crime of violence under § 2L1.2(b)(1)(A)(ii). Specifically, he contends that the documentation in the record does not show that the offense was either an enumerated offense under the Guideline or that it had as an element "the use, attempted use, or threatened use of physical force against the person of another." *See* § 2L1.2, comment. (n.1(B)(iii)).

The Amended Information in the record shows that Mejia-Escobar's prior conviction was for a violation of Florida Statute § 784.041(1), which has only one relevant subsection. Felony battery under § 784.041 cannot be committed without using physical force or violence. *Dominguez v. State*, 98 So. 3d 198, 200 (Fla. Dist. Ct. App. 2012). This court has not addressed whether Florida felony battery is a crime of violence. Mejia-Escobar fails to show that the district court clearly or obviously erred in concluding that the Florida offense involved the use of physical force against another and thus qualified as a crime of violence. *See* § 2L1.2, comment. (n.1(B)(iii)); *United States v. Fernandez–Cusco*, 447 F.3d 382, 384 (5th Cir. 2006).

The judgment of the district court is AFFIRMED.