NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

| | | |
|---|---|---|
| ROBERT ARMSTRONG, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | Case No. 2D14-314 |
| | ) | |
| STATE OF FLORIDA, | ) | |
| | ) | |
| Appellee. | ) | |
| _____ | ) | |

Opinion filed August 22, 2014.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Sarasota County; Charles E. Roberts,
Judge.

Robert Armstrong, pro se.

MORRIS, Judge.

Robert Armstrong appeals the postconviction court order summarily denying his motion filed under Florida Rule of Criminal Procedure 3.800(a). We affirm the summary denial of ground two but reverse and remand for the postconviction court to consider ground one of Mr. Armstrong's motion.

Mr. Armstrong pleaded no contest to attempted capital sexual battery and attempted lewd and lascivious molestation by a person over eighteen years upon a child under the age of twelve. In exchange for his pleas, Mr. Armstrong was sentenced to

concurrent terms of twenty-three years' prison followed by ten years' sex offender probation on each count. The sentences in this case run concurrently with a five-year sentence imposed in another case.

In ground one of his rule 3.800(a) motion, Mr. Armstrong alleged that his sentences are illegal because they exceed the statutory maximum sentences for his first- and second-degree felony convictions. The postconviction court did not address this claim in its order summarily denying Mr. Armstrong's motion, so we must reverse and remand the case for the postconviction court to consider the merits of this claim.

We note that Mr. Armstrong's sentences appear to have been imposed pursuant to a negotiated plea agreement. Therefore, if the postconviction court finds that his sentences are illegal, he may be resentenced within the statutory maximum for each count only with the State's agreement. See McDuffie v. State, 946 So. 2d 99, 100 (Fla. 2d DCA 2006); Lang v. State, 931 So. 2d 922, 922 (Fla. 2d DCA 2005). If the State does not agree to such sentences, Mr. Armstrong must be allowed to withdraw his plea. See McDuffie, 946 So. 2d at 100; Lang, 931 So. 2d at 922.

Affirmed in part, reversed in part, and remanded.

KELLY and BLACK JJ., Concur.