NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

VICTOR TIANGA,                          )
                                        )
            Appellant,                  )
                                        )
v.                                      )          Case No. 2D13-1496
                                        )
STATE OF FLORIDA,                       )
                                        )
            Appellee.                   )
_____ )

Opinion filed September 5, 2014.

Appeal from the Circuit Court for Lee
County; J. Frank Porter, Judge.

Howard L. Dimmig, II, Public Defender,
and Megan Olson, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Jessica Stephans,
Assistant Attorney General, Tampa,
for Appellee.

MORRIS, Judge.

Victor Omar Tianga appeals the imposition of his habitual felony offender

(HFO) sentence for aggravated assault. The State properly concedes error, and we

reverse and remand for resentencing.

The State has the burden of proving that a defendant qualifies as an HFO. Edison v. State, 848 So. 2d 498, 499 (Fla. 2d DCA 2003).  Among other elements, the State must prove that the defendant has at least two prior convictions and that the felony for which the defendant is to be sentenced and one of the two prior felony convictions are not convictions pursuant to section 893.13, Florida Statutes, relating to purchase or possession.  § 775.084(1)(a)(3), Fla. Stat. (2011).

At Tianga's sentencing hearing, the State entered certified copies of five prior convictions for possession of cocaine into evidence and called a fingerprint expert to confirm that the prints on the certified convictions matched Tianga's fingerprints.  The State also introduced a criminal tracking form from the Department of Corrections showing three additional prior convictions for Tianga, including one for grand theft.  This form did not contain Tianga's fingerprints or photograph.  Based on this evidence, the court found that Tianga qualified for habitual offender status and sentenced him as an HFO to five years' incarceration.  As the State concedes, this finding was erroneous because the criminal tracking form did not sufficiently identify Tianga as the person named in the form.  See Bodie v. State, 983 So. 2d 1196, 1197 (Fla. 2d DCA 2008) (reversing when State presented computer printout without the defendant's fingerprints or photograph to establish that defendant qualified for enhanced sentencing); Alcantara v. State, 39 So. 3d 535, 537 (Fla. 5th DCA 2010) (reversing when State presented a "rap sheet" as proof of a predicate conviction).

Accordingly, we reverse Tianga's sentence and remand for resentencing. On remand, the trial court may again impose a habitual offender sentence only if the

State is able to provide the proper documentation to demonstrate that Tianga qualifies

for such sentencing.  See State v. Collins, 985 So. 2d 985, 994 (Fla. 2008).

Reversed and remanded for resentencing.


SILBERMAN and VILLANTI, JJ., Concur.