NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

| | |
|---|---|
| ALVIN HOWARD, | ) |
| | ) |
| Appellant, | ) |
| | ) |
| v. | )  Case No. 2D13-2059 |
| | ) |
| STATE OF FLORIDA, | ) |
| | ) |
| Appellee. | ) |
| _____ | ) |

Opinion filed November 7, 2014.

Appeal from the Circuit Court for Pinellas
County; Philip J. Federico, Judge.

Alvin Howard, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Johnny T. Salgado,
Assistant Attorney General, Tampa, for
Appellee.


NORTHCUTT, Judge.

In 2010, Alvin Howard entered into a plea agreement to resolve numerous charges. His agreed-upon sentences included three ten-year terms as a habitual felony offender for various felonies, several five-year terms for drug possession, and one five-year minimum mandatory term as a prison releasee reoffender for burglary of an

unoccupied structure. All the sentences ran concurrently. Howard challenged the last-mentioned PRR sentence as illegal, first in a motion pursuant to Florida Rule of Criminal Procedure 3.800(a), which he dismissed before a ruling was entered, and then in a rule 3.850 motion. The postconviction court denied this rule 3.850 claim as successive. We reverse that ruling. We affirm Howard's challenges to the postconviction court's denial of other claims in his rule 3.850 motion without further discussion.

Our record establishes that when responding both to Howard's rule 3.800(a) motion and to his rule 3.850 motion, the State properly conceded that Howard's conviction for burglary of an unoccupied structure was not eligible for PRR sentencing. See § 775.082(9)(a)(1)(q), Fla. Stat. (2009) (listing burglary of a dwelling and burglary of an *occupied* structure as offenses eligible for PRR sentencing). A court cannot impose an illegal sentence, even if it is agreed to as part of a negotiated plea. Barthel v. State, 862 So. 2d 28, 29 (Fla. 2d DCA 2003), see also Dominguez v. State, 98 So. 3d 198, 199 (Fla. 2d DCA 2012) (stating that a defendant does not waive the right to challenge an illegal sentence by agreeing to the sentence in a negotiated plea agreement).

As noted, the postconviction court denied Howard's claim concerning the illegal sentence as successive. But the bar against successive motions applies only when the grounds raised in the earlier motion were decided on the merits. Spera v. State, 971 So. 2d 754, 758 (Fla. 2007) (citing McCrae v. State, 437 So. 2d 1388, 1390 (Fla.1983)). That was not the case here; Howard dismissed his first motion, filed under

-2-

rule 3.800(a), before the court ruled on its merits. The postconviction court erred in holding that his rule 3.850 motion was barred as successive.

As this court explained in Nedd v. State, 855 So. 2d 664, 665 (Fla. 2d DCA 2003), when a defendant is permitted to withdraw his plea based on an illegal sentence, the State has the option of agreeing to a resentencing or withdrawing from the agreement and proceeding to trial on the original charges. Although the information is not in our record, it appears that Howard's original burglary charge was reduced to burglary of an unoccupied structure as part of the plea agreement. He may wish to consider whether he wants to proceed with his motion and potentially face a trial on a higher degree of felony.

The State's concession of error and our decisions in Barthels and Dominguez establish that Howard is entitled to relief on claim 11 of his rule 3.850 motion. Accordingly, we need not require the postconviction court to hold a hearing on this issue. We reverse its denial of relief on this claim. We remand with directions that Howard be allowed to withdraw his plea on the charge of burglary of an unoccupied structure if the State does not agree to a resentencing without the PRR enhancement.

Affirmed in part, reversed in part, and remanded.


DAVIS, C.J., and CASANUEVA, J., Concur.