NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ROBIN QUINTIN PARKS,                )
                                    )
          Appellant,                )
                                    )
v.                                  )          Case No. 2D16-67
                                    )
STATE OF FLORIDA,                   )
                                    )
          Appellee.                 )
_____ )

Opinion filed June 16, 2017.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Polk County; Glenn T. Shelby, Judge.

Robin Quintin Parks, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Donna S. Koch,
Assistant Attorney General, Tampa, for
Appellee.


                         EN BANC

MORRIS, Judge.

          Robin Quintin Parks appeals the order denying his motion to correct illegal

sentence filed under Florida Rule of Criminal Procedure 3.800(a).  We reverse because

the postconviction court erroneously found that Parks' challenge to a sentence beyond

the maximum allowable for his offenses, which was imposed as part of a negotiated plea agreement, could only be brought under Florida Rule of Criminal Procedure 3.850.

Parks entered a negotiated plea to three counts of the lesser offenses of attempted second-degree murder with a firearm, first-degree felonies,[1] in exchange for concurrent sentences of fifteen years' imprisonment with a ten-year mandatory minimum followed by life probation. In his motion to correct illegal sentence, he argued that by the addition of life probation, his sentences exceeded the statutory maximum and were illegal. See Clussman v. State, 89 So. 3d 1093, 1094 (Fla. 1st DCA 2012) (reversing for the striking of the probationary terms of Clussman's sentences because when they were added to her terms of imprisonment, her sentences exceeded the statutory maximum). Parks correctly noted that a sentence may be illegal even if a defendant agreed to it as part of a negotiated plea. See McDuffie v. State, 946 So. 2d 99, 100 (Fla. 2d DCA 2006) ("A trial court cannot impose an illegal sentence even pursuant to a plea bargain." (quoting Ferguson v. State, 804 So. 2d 411, 412 (Fla. 4th DCA 2001))).

Citing Dominguez v. State, 98 So. 3d 198, 200 (Fla. 2d DCA 2012), and Nedd v. State, 855 So. 2d 664, 665 (Fla. 2d DCA 2003), the postconviction court found that Parks' motion was more properly considered under rule 3.850 because Parks had to first move to withdraw his plea. The court then denied the motion as time-barred under rule 3.850 because it was filed over two years after Parks' judgment and

---

[1]§§ 782.04(2), 777.04(4)(c), 775.087(1)(b), Fla. Stat. (2010). Parks also pleaded to a fourth count of attempted second-degree murder with a weapon, and he was sentenced to fifteen years in prison followed by fifteen years' probation on that count. Although Parks challenged this fourth sentence, we conclude that it is legal because it is within the statutory maximum for a first-degree felony. § 775.082(3)(b).

sentences became final. See Fla. R. Crim. P. 3.850(b). But Dominguez and Nedd are distinguishable from the facts of this case; we write to explain that distinction and, to the extent necessary, recede from them.

Nedd entered a plea to a lesser charge—trafficking in fourteen to twenty-eight grams of heroin—in exchange for a mandatory minimum sentence of fifteen years' imprisonment. Nedd, 855 So. 2d at 665. Nedd argued in his rule 3.800(a) motion that his sentence was illegal because this court held the statute underlying his sentence unconstitutional in Taylor v. State, 818 So. 2d 544 (Fla. 2d DCA 2002). This court held that Nedd's motion

> actually challeng[ed] the terms of a plea agreement and, thus, the resulting convictions. Because a plea withdrawal is a potential consequence in this case, Nedd must seek relief under rule 3.850. In that proceeding, the State will have the option to either agree to a resentencing or withdraw from the plea agreement and proceed to trial on the original charges.

855 So. 2d at 665 (citing Bruno v. State, 837 So. 2d 521, 523 (Fla. 1st DCA 2003)).

Dominguez also entered a plea to a lesser offense—felony battery under section 784.03, Florida Statutes (2009)—in exchange for a sentence of five years' imprisonment as a prison releasee reoffender (PRR). Dominguez, 98 So. 3d at 200. He subsequently filed a rule 3.800(a) motion, arguing that he was illegally sentenced as a PRR because felony battery under section 784.03(2), which reclassifies simple battery to a third-degree felony upon a second battery conviction, did not qualify for PRR sentencing. Noting that an illegal sentence may not be imposed pursuant to a plea agreement, this court followed Nedd and reversed and remanded for the postconviction court to treat Dominguez's motion as if it had been filed under rule 3.850. Id. at 200-01.

In both Dominguez and Nedd, sufficient time remained for the defendants to move to vacate their sentences under rule 3.850.

In contrast to Dominguez and Nedd, it appears that Parks is entitled to relief under another set of cases, Armstrong v. State, 145 So. 3d 952 (Fla. 2d DCA 2014), McDuffie, 946 So. 2d 99, and Lang v. State, 931 So. 2d 922 (Fla. 2d DCA 2005). The State agrees that these three cases are applicable and suggests that Dominguez and Nedd are procedurally inconsistent with them.

In McDuffie, McDuffie entered into a negotiated plea to a lesser offense— the life felony of second-degree murder with a firearm—in exchange for a sentence of forty-five years' imprisonment. 946 So. 2d at 99. In his rule 3.800(a) motion, McDuffie argued that his sentence was illegal because the sentencing options for a life felony at that time were either life or a maximum of not more than forty years' imprisonment.[2] Id. at 99-100. Noting that even under a plea bargain a court may not impose an illegal sentence, this court reversed the postconviction court's order denying McDuffie's motion and remanded, stating that McDuffie could only be resentenced within the statutory maximum of forty years with the State's agreement. Id. at 100. Otherwise, the court had to allow McDuffie to withdraw his plea. Id.

This court held similarly in Lang. Lang entered into a negotiated plea to the reduced charge of aggravated battery in exchange for a sentence of 143 months' imprisonment followed by ten years' probation. 931 So. 2d at 922. In a rule 3.800(a)

---

[2]McDuffie committed his life felony prior to July 1, 1995. We note that defendants who commit life felonies after July 1, 1995, may be sentenced to a term of imprisonment for life or for a term of years not exceeding life imprisonment. See § 775.082(3)(a)(3), Fla. Stat. (1997).

motion, Lang argued that his sentence was illegal because it exceeded the statutory maximum of fifteen years for a second-degree felony. This court reversed the postconviction court's order denying Lang's motion and remanded for resentencing, stating that if the State did not agree to a sentence within the statutory maximum, the court had to allow Lang to withdraw his plea. Id.

In Armstrong, the postconviction court failed to address Armstrong's claim that his sentence was illegal because it exceeded the statutory maximum. 145 So. 3d 952. This court noted that Armstrong's sentences appeared to have been imposed pursuant to a negotiated plea agreement. Id. We held that if the postconviction court found his sentences to be illegal on remand, the court could resentence Armstrong within the statutory maximum for each count only with the State's agreement. Id. Otherwise, the postconviction court would have to allow Armstrong to withdraw his plea.[3] Id.

As Armstrong, McDuffie, and Lang demonstrate, a sentence that exceeds the statutory maximum may not be imposed even pursuant to a negotiated plea agreement, and it may be challenged at any time under rule 3.800(a). Accordingly, this court recedes from Dominguez and Nedd to the extent that they can be read as requiring a challenge to a sentence that was imposed pursuant to a plea agreement and exceeds the statutory maximum to be brought only under rule 3.850.

---

[3]Other Florida cases in which relief has been granted under rule 3.800(a) from illegal sentences imposed pursuant to plea agreements include Gamez v. State, 944 So. 2d 1253 (Fla. 2d DCA 2006), Kelly v. State, 816 So. 2d 1221 (Fla. 2d DCA 2002), Howell v. State, 764 So. 2d 780 (Fla. 2d DCA 2000), Adams v. State, 901 So. 2d 275 (Fla. 5th DCA 2005), Taylor v. State, 899 So. 2d 1191 (Fla. 1st DCA 2005), Gifford v. State, 744 So. 2d 1046 (Fla. 4th DCA 1999), and Ruiz v. State, 537 So. 2d 682 (Fla. 3d DCA 1989).

Parks correctly challenged his three sentences in a motion filed under rule 3.800(a) because fifteen years' imprisonment followed by life probation exceeds the statutory maximum of thirty years' imprisonment for his first-degree felony convictions. See § 775.082(3)(b), Fla. Stat. (2010).  We reverse and remand for the postconviction court to resentence Parks.[4]  If the State does not agree to a sentence within the statutory maximum, the court must allow Parks to withdraw his plea.

Reversed and remanded for resentencing.


VILLANTI, C.J., and NORTHCUTT, CASANUEVA, SILBERMAN, WALLACE, LaROSE, KHOUZAM, CRENSHAW, BLACK, SLEET, LUCAS, SALARIO, BADALAMENTI, and ROTHSTEIN-YOUAKIM, JJ., Concur.
KELLY, J., Concurs in result.

---

[4]We note that the plea form and the judgment incorrectly list the three offenses as "PBL" and that the plea and sentencing transcript indicate that the trial court believed that the three offenses were punishable by life.  On remand, the trial court should take care to correctly list the degree of the offenses on the amended judgment form.