NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

STANLEY LYNN SEDELL,          )
                                        )

          Appellant,         )
                                        )

v.                                    )         Case No. 2D16-428
                                        )

STATE OF FLORIDA,          )
                                        )

          Appellee.         )
_____)

Opinion filed August 18, 2017.

Appeal from the Circuit Court for
Polk County; J. Dale Durrance, Judge.

Ita M. Neymotin, Regional Counsel,
Second District, and Joseph Thye Sexton,
Assistant Regional Counsel, Office of
Criminal Conflict and Civil Regional Counsel,
Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Tonja Rene Vickers,
Assistant Attorney General, Tampa,
for Appellee.

SILBERMAN, Judge.

Stanley Lynn Sedell appeals the order denying his motion to correct his

illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a) and (b).

Based on this court's opinion in Parks v. State, 42 Fla. L. Weekly D1378 (Fla. 2d DCA

June 16, 2017) (en banc), which recedes from the cases that the trial court relied upon in denying relief, we reverse the trial court's order and remand for further proceedings.

Pursuant to a negotiated plea agreement Sedell was sentenced on three counts, with the charges reduced on counts two and three. He now challenges his sentences on counts two and three to thirteen years in prison to be followed by ten years of probation. Sedell and the State agree that Sedell's sentences for the second-degree felonies in counts two and three are illegal because they exceed the statutory maximum of fifteen years.

In its order denying the motion, the postconviction court acknowledged that Sedell cannot agree to an illegal sentence pursuant to a negotiated plea. See McDuffie v. State, 946 So. 2d 99, 100 (Fla. 2d DCA 2006). But the postconviction court determined that the motion was improperly filed under either rule 3.800(a) or (b)[1] and that the motion should have been filed pursuant to rule 3.850, concluding that Sedell must seek to withdraw from the plea agreement. In doing so, the postconviction court relied upon Dominguez v. State, 98 So. 3d 198 (Fla. 2d DCA 2012), and Nedd v. State, 855 So. 2d 664 (Fla. 2d DCA 2003). In Parks, this court receded from those cases "to the extent that they can be read as requiring a challenge to a sentence that was imposed pursuant to a plea agreement and exceeds the statutory maximum to be brought only under rule 3.850." Parks, 42 Fla. L. Weekly at D1379.

Like the defendant in Parks, Sedell had entered into a negotiated plea agreement and sought relief from an illegal sentence via rule 3.800(a) when the time to

---

[1]Because no appeal was pending and the motion was filed outside the time to file a notice of appeal, rule 3.800(b) is not applicable.

- 2 -

file a motion under rule 3.850 had expired.  See 42 Fla. L. Weekly at D1378.  The Parks opinion relies upon another line of cases to grant relief under rule 3.800.  See Armstrong v. State, 145 So. 3d 952 (Fla. 2d DCA 2014); McDuffie, 946 So. 2d 99; Lang v. State, 931 So. 2d 922 (Fla. 2d DCA 2005).  Based on these cases, a defendant is entitled to relief on a rule 3.800(a) motion when an illegal sentence results from a negotiated plea.  See Armstrong, 145 So. 3d at 952; McDuffie, 946 So. 2d at 100; Lang, 931 So. 2d at 922.  In that situation, the postconviction court should resentence the defendant within the statutory maximum if the State agrees to the resentencing; if the State does not agree, then the court must allow the defendant to withdraw his plea.  See Parks, 42 Fla. L. Weekly at D1379; Armstrong, 145 So. 3d at 952; McDuffie, 946 So. 2d at 100; Lang, 931 So. 2d at 922.

Therefore, based on Parks, we reverse the postconviction court's order.  On remand, the court should impose sentences on counts two and three within the statutory maximum of fifteen years if the State agrees to resentencing.  If the State does not agree, then Sedell should be permitted to withdraw his plea.

Reversed and remanded.


CRENSHAW and SLEET, JJ., Concur.