# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3005

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of North Dakota. |
| | * | |
| Daniel Greatwalker, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: February 12, 2002

Filed: April 8, 2002 (Corrected 6/6/02)

_____

Before McMILLIAN, FAGG, and RILEY, Circuit Judges.

_____

FAGG, Circuit Judge.

During a night of drinking, Daniel Greatwalker killed Linus Wallette with a knife, pick axe, and hammer. There were many witnesses against Greatwalker. Greatwalker stated he was going to kill Wallette because of a comment he had made. Greatwalker was seen attacking Wallette repeatedly, wielding the bloody murder weapons, and wearing blood-soaked clothing. Greatwalker showed several people Wallette's body and asked for help disposing of it.

A grand jury charged Greatwalker, a Chippewa Indian, with committing premeditated murder on the Turtle Mountain Indian Reservation in violation of 18

U.S.C. § 1111(a) and 1153. Section 1111 defines first-degree murder as a premeditated killing and dictates a sentence of death or life imprisonment for that offense. See also U.S.S.G. § 2A1.1 (setting base offense level of 43 corresponding to life sentence for first-degree murder). Nevertheless, on the day of trial, the Government offered to recommend a thirty-five-year sentence in exchange for Greatwalker's guilty plea. With the jury waiting in the next courtroom, the following discussion occurred in open court:

> THE COURT: I have been advised by Mr. Cresap, the attorney for Mr. Greatwalker, that the give and take in plea negotiation may have reached a point where a plea agreement is possible between Mr. Greatwalker and the government. . . . What's going on?

> MR. CRESAP [defense counsel]: Well, Your Honor, right now the concern that we have . . . is that the deal would envision Mr. Greatwalker pleading to first degree murder. Now, under the Guidelines and under the statute, that's a mandatory life sentence. The agreement that we've reached with the U.S. Attorney's office is that Mr. Greatwalker would be given a sentence of 35 years, . . . and Mr. Greatwalker wanted to meet with the Court so the Court could . . . give Mr. Greatwalker some assurance that if he does agree to this deal, that he's got a reasonable degree of assurance that that's the sentence he will, in fact, get.

> THE COURT: All right. And, Mr. Peterson [the prosecutor], is that an accurate description of the offer that you have placed on the table and that the defendant is considering accepting?

> MR. PETERSON: I believe that it is, Your Honor. . . . Mr. Greatwalker would plead guilty to first degree murder, and we have been negotiating, quite frankly, the term of years that the parties could agree upon that we would request jointly that the Court depart downward to. Mr. Cresap has expressed concern, as he just indicated, as to whether or not the Court could or would be so inclined, and as I had indicated to him, there have been other instances where the Court has departed downward; and

-2-

in this situation, of course, if that happened, the government would not intend to appeal anything, and I trust Mr. Greatwalker and his attorney would not appeal. So that is, in essence, the proposal that has been made, Your Honor.

THE COURT: And both of you are, in fact, urging [me to] accept this as a plea agreement binding on the Court and assure Mr. Greatwalker that the sentence which I will ultimately impose will be that of 35 years, . . . regardless of what statutory requirements may be present. Is that, in substance, . . . what you're asking me to do?

MR. CRESAP: Yes, Your Honor.

MR. PETERSON: Yes.

. . . .

THE COURT: I have no problem agreeing with it. I will agree, if a plea of guilty is put in to first degree murder, that I will impose a sentence of 35 years . . . .

(Trans. of Change of Plea Proceeding, at 3-6.) Having received the district court's commitment to impose the agreed-on illegal sentence, Greatwalker pleaded guilty to first-degree murder, and assault charges against Greatwalker were dropped. Later the same day, Greatwalker called his attorney and asked to withdraw the plea, suggesting the attorney had forced him to take the deal. The attorney contacted the district court about withdrawing Greatwalker's plea and asked the court to appoint new counsel for Greatwalker. The district court appointed a new lawyer, who filed a motion claiming Greatwalker's trial attorney coerced him into pleading guilty by threatening to withdraw from the case. The district court conducted an evidentiary hearing and denied Greatwalker's motion, finding Greatwalker's trial attorney did not threaten to withdraw, the attorney was ready to go to trial, and Greatwalker's plea was knowing and voluntary. The district court then imposed the agreed-on sentence of thirty-five years. Greatwalker now appeals the denial of his motion to withdraw his guilty plea.

See Fed. R. Crim. P. 32(e). The Government does not cross-appeal. We vacate Greatwalker's illegal sentence and his conviction on the corresponding plea agreement, and remand for further proceedings.

Greatwalker asserts he should be allowed to withdraw his plea because his thirty-five-year sentence is illegal. A sentence is illegal when it is not authorized by the judgment of conviction or when it is greater or less than the permissible statutory penalty for the crime. See United States v. Vences, 169 F.3d 611, 613 (9th Cir. 1999). Because the Government has not sought the death penalty, life imprisonment is the applicable mandatory sentence for Greatwalker's plea to first-degree murder. 18 U.S.C. § 1111 (1994). Congress has provided two limited mechanisms for departing below a statutorily prescribed penalty: departure for substantial assistance under 18 U.S.C. § 3553(e), and the safety valve departure for nonviolent defendants with limited criminal histories under 18 U.S.C. § 3553(f). Neither departure provision applies here. We agree with Greatwalker that his sentence is illegal.

There can be no plea bargain to an illegal sentence. Baker v. Barbo, 177 F.3d 149, 155 (3d Cir.), cert. denied, 528 U.S. 911 (1999); Correale v. United States, 479 F.2d 944, 947 (1st Cir. 1973). Even when a defendant, prosecutor, and court agree on a sentence, the court cannot give the sentence effect if it is not authorized by law. Thus, when a defendant has entered a plea bargain contemplating an illegal sentence, the defendant is generally entitled to withdraw the guilty plea. Smith v. United States, 321 F.2d 954, 955-56 (9th Cir. 1963). Because the plea bargain is based on a promise the trial court lacks authority to fulfill, and the defendant was induced to plead guilty by that promise, plea withdrawal is necessary to return the parties to their initial positions. See Brady v. United States, 397 U.S. 742, 755 (1970) ("A plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by . . . misrepresentation (including . . . unfulfillable promises) . . . .").

-4-

There are exceptions to the general rule. Withdrawal of the plea may be unnecessary when the agreed-on sentence exceeds the sentence authorized by law and the government accepts a sentence reduced to the legal term, when the sentence can be reconciled with the plea agreement or otherwise corrected to give the defendant the benefit of the bargain, or when the defendant is willing to accept a legal sentence in place of the promised one. See Annotation, Plea Bargain–Illegal Sentence, 87 A.L.R.4th 384 (1991 & Supp. 2001). None of the exceptions apply here. Greatwalker was induced to plead guilty by the unfulfillable promise that he would receive a sentence below the statutory minimum for his offense. The thirty-five-year sentence cannot be reconciled with Greatwalker's guilty plea to first-degree murder, and Greatwalker is not willing to accept a life sentence on the guilty plea. We thus conclude that plea withdrawal is necessary in Greatwalker's case.

Greatwalker's success in this appeal may be costly. Because the illegal sentence prevents both Greatwalker and the Government from being bound by the plea agreement, the Government may reinstate the dropped charges and proceed to reprosecute the first-degree murder charge. There is no double jeopardy bar to trying Greatwalker for first-degree murder, United States v. Moulder, 141 F.3d 568, 571 (5th Cir. 1998), and the evidence against him is overwhelming. Many witnesses against Greatwalker are available to testify and have incentive to do so because they are serving time in federal and state prisons. (Although the Government complains it would be cumbersome to bring in all the witnesses again for a trial, the Government has only itself to blame for agreeing to an illegal sentence and asking the district court to impose it.) Should Greatwalker be convicted of first-degree murder, he must receive a sentence of death or life in prison. The parties may also negotiate a new plea bargain, but they cannot agree to a sentence for a number of years unless the charge to which Greatwalker pleads guilty authorizes the sentence. See 18 U.S.C. § 1111 (permitting term-of-years sentence for second-degree murder); U.S.S.G. § 2A1.2 (setting base offense level of 33 for second-degree murder, which, without

considering potential adjustments to the offense level, makes sentencing range 235-293 months for career offenders).

Because we are vacating Greatwalker's plea based on the illegal sentence, we need not decide Greatwalker's alternative argument for plea withdrawal based on the district court's failure to fulfill its obligations under Fed. R. Crim. P. 11(c)(1) (before accepting guilty plea, court must inform defendant of certain rights and other information). In addition to the district court's approval of a plea bargain implementing an illegal sentence, the record shows a clear failure to adhere to Rule 11's requirements. When the case is remanded, we trust the experienced district judge will follow closely the legal requirements for accepting a guilty plea.

Accordingly, we vacate Greatwalker's conviction on his guilty plea, vacate Greatwalker's illegal sentence, and remand for further proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.