# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-2518
_____

United States of America

*Plaintiff - Appellee*

v.

Susan Elise Prophet

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: May 31, 2016
Filed: June 14, 2016

_____

Before LOKEN, MURPHY, and BENTON, Circuit Judges.

_____

MURPHY, Circuit Judge.

Susan Prophet pled guilty to bank fraud and aggravated identity theft and was sentenced by the district court[1] to 216 months imprisonment for bank fraud and 24 months for aggravated identity theft. Prophet appeals her sentences, arguing that the

---

[1]The Honorable Greg Kays, Chief United States District Judge for the Western District of Missouri.

district court erred procedurally and that the sentences were substantively unreasonable. We dismiss Prophet's appeal because it is barred by a waiver in her plea agreement.

During 2002 to 2004 Prophet was convicted of several felonies for embezzling money from previous employers for whom she had worked as a bookkeeper, and she was paroled in 2010. As a condition of release she agreed not to "attempt to gain employment, be employed or hold any position, where she [would be] required to have access to cash, checks or any account information of her employer or any one doing business with her employer." Prophet nevertheless applied for and accepted a bookkeeping position for Dorfman Plumbing Supply Company (Dorfman) in November 2012. She did not disclose her criminal history or her conditions of supervised release to Dorfman, and she did not inform her parole officer about her employment.

While at Dorfman, Prophet forged its president's signature on 104 checks from December 2012 to August 2013. Ninety nine of the checks were made out to her using variations of her name. She endorsed checks with the names Susan Morriss, Susan Prophet, or Susan Prophett, and deposited each in one of her three Valley View and Academy bank accounts. Prophet had opened these accounts using misspelled variations of her own name and other false information. In order to conceal her fraud from company accountants, she altered bank statements to display fabricated check images and falsified the company's ledger to show payments to vendors. Prophet was terminated from Dorfman in August 2013. She was soon hired as a bookkeeper for another company and began embezzling money there as well.

Prophet was indicted by a grand jury in February 2014 for bank fraud, wire fraud, money laundering, and aggravated identity theft. She pled guilty to bank fraud and aggravated identity theft in August 2014. See 18 U.S.C. §§ 1344, 1028A. In her plea agreement Prophet acknowledged that the statutory maximum prison sentence for

her crimes would be 384 months, and she "expressly waive[d] her right to appeal her sentence directly or collaterally on any ground except claims of (1) ineffective assistance of counsel; (2) prosecutorial misconduct; or (3) an illegal sentence." At sentencing the district court expressed surprise at how low Prophet's guideline range was because she already had eight prior felonies, a 20 year sentence in state court in 2004 for felony theft and forgery, and had continued to steal large amounts of money after being paroled. The district court sentenced Prophet to 216 months imprisonment for bank fraud and a consecutive 24 months for aggravated identity theft. Prophet appeals her sentences, arguing that the district court erred procedurally and that the sentences were substantively unreasonable.

The government filed a motion to dismiss Prophet's appeal based on the waiver in her plea agreement. We uphold a knowing and voluntary appeal waiver unless it would result in a miscarriage of justice, such as an illegal sentence. United States v. Andis, 333 F.3d 886, 890 (8th Cir. 2003) (en banc). Here, Prophet knowingly and voluntarily entered into a plea agreement which stated that she "waive[d] her right to appeal her sentence" unless there was an illegal sentence, ineffective assistance of counsel, or prosecutorial misconduct. A sentence is not illegal if it is within "the permissible statutory penalty for the crime." United States v. Greatwalker, 285 F.3d 727, 729 (8th Cir. 2002). The combined statutory maximum penalty for bank fraud and identity theft is 384 months. See 18 U.S.C. §§ 1344, 1028A(a)(1). Since Prophet was sentenced to 240 months, her sentence is not illegal and her appeal is thus barred by her waiver.

The government's motion to dismiss Prophet's appeal is granted, and her appeal is dismissed.

_____