United States Court of Appeals

For the Eighth Circuit

_____

No. 23-1440
_____

United States of America

*Plaintiff - Appellee*

v.

Jose Ruiz, Jr.

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern
_____

Submitted: September 28, 2023
Filed: October 5, 2023
[Unpublished]
_____

Before LOKEN, SHEPHERD, and GRASZ, Circuit Judges.
_____

PER CURIAM.

Jose Ruiz, Jr. appeals after he pleaded guilty to possessing with the intent to distribute controlled substances pursuant to a plea agreement that includes an appeal waiver. Because he was on supervised release for two prior offenses when he

committed the offense, the district court[1] held a combined sentencing and revocation hearing, during which it revoked Ruiz's terms of supervised release, and imposed consecutive sentences for the instant offense and the supervised-release revocations. His counsel has moved to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), raising challenges to the validity of Ruiz's plea and the sentence imposed for the instant offense. Ruiz has filed a supplemental pro se brief, raising similar challenges to his plea and also challenging his revocation sentences.

As to Ruiz's new criminal conviction, to the extent that he is challenging the voluntariness of his guilty plea, we conclude that he is precluded from making this argument on appeal, as he did not move to withdraw his plea in the district court, even after he was given the opportunity to do so. See United States v. Harrison, 37 F.4th 495, 500 (8th Cir. 2022). While the original plea agreement notified Ruiz of the incorrect mandatory minimum term of supervised release, Ruiz agreed to an amended plea agreement on the record. See United States v. Greatwalker, 285 F.3d 727, 730 (8th Cir. 2002). We enforce the appeal waiver as to the sentencing challenge raised by counsel. See United States v. Scott, 627 F.3d 702, 704 (8th Cir. 2010); United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc).

We also conclude the district court did not err in imposing the revocation sentences, as the record reflects that the court properly considered the appropriate sentencing factors. See United States v. Beckwith, 57 F.4th 630, 632 (8th Cir. 2023) (per curiam). While Ruiz argues that one of his revocation sentences exceeds the statutory maximum revocation prison term if combined with his prior revocation sentences, that argument is foreclosed by this court's precedent. See United States v. Lewis, 519 F.3d 822, 824-25 (8th Cir. 2008).

---

[1]The Honorable Stephanie M. Rose, Chief Judge, United States District Court for the Southern District of Iowa.

To the extent Ruiz raises an ineffective-assistance-of-counsel claim, we decline to review such a claim on direct appeal.  <u>See</u> <u>United States v. Wohlman</u>, 651 F.3d 878, 887 (8th Cir. 2011).

We have also independently reviewed the record under <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), and have found no non-frivolous issues for appeal outside the scope of the appeal waiver.  Accordingly, we grant counsel's motion to withdraw, we affirm the revocation sentences, and we dismiss the remainder of the appeal.

_____